UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,
         Plaintiff,

VERSUS                                        CIVIL ACTION NO.  16-CV-646

PROPERTY LOCATED AT 187
VILLERE DRIVE, DESTREHAN,
LOUISIANA 70047
         Defendant.

## VERIFIED COMPLAINT IN REM

Plaintiff, United States of America, through undersigned counsel, brings this complaint and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.

Plaintiff, United States of America, alleges the following upon information and belief for its claim against the defendant real property, (hereinafter the "defendant property"), for violations of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 881(a)(7).

## THE DEFENDANT(S) IN REM

2.

The defendant is real property located at 187 Villere Drive, Destrehan, Louisiana 70047, with all appurtenances, improvements, and attachments thereon, and is more fully described below:

ONE CERTAIN LOT OF GROUND situated in the Parish of St. Charles, State of Louisiana, that part thereof known as Ormond Country Club Estates, being resubdivision of a portion of Ormond Plantation, Section 6 all in accord with a survey thereof by J.J. Krebs & Sons, Inc., dated February 16, 1978, approved by Ordinance No. 66-3-369, of the St. Charles Parish Police Jury, registered in COB 210, Folio 245, St. Charles Parish, Louisiana, and designated as follows:

Lot 1067, Square 28, which is bounded by Villere Drive, Section Eleven, Western Drainage Servitude and Rosedown Drive, and according to survey by R. L. Schumann, Land Surveyor, dated January 19, 1973, said Lot 1067 has the same designation as above set forth and measures 80 feet front of Villere Drive, same width in the rear, by a depth of 120 feet between equal and parallel lines, said Square 28 is bounded by Villere Drive, West Subdivision Boundary, Rosedown Drive and South Subdivision Boundary and Lot 1067 commence at a distance of 1920 feet from the corner of Rosedown Drive and Villere Drive. Said measurements are more fully shown on a plan of survey by Lucien C. Gassen, Land Surveyor, dated September 12, 1983, improvements added October 4, 1983.

The improvements thereon bear the municipal No. 187 Villere Drive, Destrehan, Louisiana 70047.

The record owner of the defendant real property is Darlene Viola Krueger.

3.

The defendant property has not been seized but it is located within the jurisdiction of the Court. The United States does not request authority from the Court to seize the defendant real property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

    a.    post notice of this action and a copy of the Complaint on the defendant real property, and

    b.    serve notice of this action on the defendant real property's owner, and any other person or entity who may claim an interest in the defendant, along with a copy of this Complaint, and

    c.    file a Lis Pendens against the defendant real property.

## JURISDICTION AND VENUE

4.

Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5.

This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b).

6.

Venue is proper in this district:

    a.    pursuant to 28 U.S.C. §1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district; and/or

    b.    21 U.S.C. § 881(j), because the criminal prosecution was brought in this district.

## BASIS FOR FORFEITURE

7.

The defendant property is subject to forfeiture under 21 U.S.C. § 881(a)(7):

> All real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances, or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

8.

The United States alleges that under 21 U.S.C. § 881(a)(7), the defendant is subject to forfeiture to the United States because it was used to in any manner or part, to commit, or to

facilitate the commission of distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

## FACTS

9.

Beginning in or about 2009, and continuing through on or about November 13, 2014, in the Middle District of Louisiana and elsewhere, Darlene Viola Krueger ("Krueger") conspired to knowingly and intentionally distribute, and to possess with the intent to distribute a substance containing a detectable amount of sibutramine, a Schedule IV controlled substance, in violation of 21 U.S.C. § 841(a)(l).

10.

Krueger went to trial and was found guilty by a jury on March 22, 2016, of knowingly and intentionally distributing sibutramine, and introducing and delivering a misbranded drug into interstate commerce with the intent to defraud and mislead.

11.

Krueger sold pills containing sibutramine, a controlled substance, by marketing them as a diet supplement and selling them on the internet and to friends and family.

12.

Krueger operated an internet website, "you4healthy.com," which she used to advertise and to falsely market her weight loss products as all natural dietary supplements.

13.

Among other things, the website "you4healthy.com" falsely claimed that "Slim-Vie" was "a weight loss product made from all natural ingredients" and had "no harmful side effects. "

14.

Krueger established an account with PayPal, an internet-based electronic payment system, to process credit card and other electronic payments for the sale of the Drugs.

15.

When Krueger first started selling her Slim Vie product, she resided in Laplace, Louisiana. While living in Laplace, Krueger would receive bulk shipments of the product at her house, then re-package and re-label the drugs and then ship them in interstate commerce to consumers throughout the United States, including in the Middle District of Louisiana, using commercial shippers.

16.

Krueger operated her Slim Vie business out of her home in Laplace, Louisiana.

17.

In May, 2013, Krueger purchased the defendant house located at 187 Villere Drive, Destrehan, Louisiana 70047.

18.

Once in the Destrehan house, Krueger received a bulk shipment of bottles of Slim Vie so that she could re-package and re-ship them to her customers throughout the United States. In order to carry this out, Krueger used her house to facilitate the storing of bottles of Slim Vie for re-shipment, to facilitate the re-packaging of these bottles of Slim Vie for re-shipment, and for housing sales records pertaining to Slim Vie products. Additionally, she used her house, and the computer located therein, to send and respond to e-mail orders of Slim Vie products as well as to facilitate her Paypal account by which many of her customers paid Krueger for their purchases of her Slim Vie product.

19.

On November 13, 2014, Law enforcement officers executed a search warrant at Krueger's residence, the defendant property (187 Villere Drive, Destrehan, Louisiana 70047) and seized the following: a ledger showing profit breakdowns; order information; payments made and received along with dates, a balance sheet showing the quantity of Slim Vie products shipped to a sales associate known as "Ramona," which included the price per bottle amount paid and balance owed Darlene (Krueger); a client list displaying customer names along with their email addresses, telephone numbers, and addresses; Krueger's Slim Vie business cards; a completed shipping label showing a shipment of Slim Vie bottles sent to Krueger at her residence located at 187 Villere Drive, Destrehan, Louisiana; seventy (70) sealed bottles of Slim Vie; two (2) opened bottles of Slim Vie; the image of Krueger's computer, and two (2) cellular phones.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays that:

    a.    notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the property;

    b.    the defendant property be forfeited and condemned to the United States of America;

    c.    the plaintiff be awarded its costs and disbursements in this action;

    d.    the Court execute a Writ of Entry for the purposes of conducting an inspection and inventory of the property; and

      e.    the court order any such other and further relief as this Court deems proper and just.

Dated:  September 27, 2016

                        UNITED STATES OF AMERICA, by

                        J. WALTER GREEN
                        UNITED STATES ATTORNEY

                        /s/ James P. Thompson
                        James P. Thompson, LBN 21090
                        Assistant United States Attorney
                        777 Florida Street, Suite 208
                        Baton Rouge, Louisiana  70801
                        Telephone: (225) 389-0443
                        Fax: (225) 389-0685
                        E-mail: jay.thompson@usdoj.gov

## **VERIFICATION**

I, Special Agent Lori B. Janosko, hereby verifies and declares under penalty of perjury that I am a Special Agent with the United States Food and Drug Administration, that I have read the foregoing Verified Complaint in rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Food and Drug Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct. Dated:

_____
LORI B. JANOSKO
SPECIAL AGENT, USFDA